IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANNA BOUCHELLE, on behalf of herself
and those similarly situated,

    Plaintiff,

v.

JAG ENTERPRISES, LLC, d/b/a Benefits
Workshop, a Florida Limited Liability
Company, and LARRY GARRETT,
individually,

    Defendants.

Case No.

**COLLECTIVE ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, ANNA BOUCHELLE, ("Plaintiff"), on behalf of herself and those similarly situated, files this Complaint against Defendants, JAG ENTERPRISES, LLC ("JAG Enterprises"); and LARRY GARRETT, individually ("Garrett") (collectively, "Defendants"), and states as follows:

**JURISDICTION**

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter referred to as the "FLSA") to recover overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorney's fees and costs.

2.    The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

3.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in Duval County,

Florida, located within the Middle District of Florida.

## PARTIES

4. At all times material hereto, Plaintiff was a resident of Duval County, Florida.

5. At all times material hereto, Defendant JAG Enterprises was a Florida Limited Liability Company engaged in business in Florida, with a principal place of business in Duval County, Florida.

6. Upon information and belief, at all times material hereto, Defendant Garrett was an individual resident of the State of Florida.

7. At all times material hereto, Defendant Garrett was an "employer" as defined by 29 U.S.C. § 201, et seq.

8. At all times material hereto, Defendant Garrett was the President of JAG Enterprises and owned and operated JAG Enterprises.

9. At all times material hereto, Defendant Garrett had the authority to hire and fire employees of JAG Enterprises.

10. At all times material hereto, Defendant Garrett regularly determined the rates of pay for the employees of JAG Enterprises.

11. At all times material hereto, Defendant Garrett regularly determined the work schedules for the employees of JAG Enterprises.

12. At all times material hereto, Defendant Garrett controlled the finances and operations of JAG Enterprises.

13. At all times material hereto, Plaintiff was an "employee" of JAG Enterprises within the meaning of the FLSA.

14. At all times material hereto, Plaintiff was an "employee" of Garrett within the meaning of the FLSA.

15. At all times material hereto, Defendants were, and continue to be "employers" within the meaning of the FLSA.

16. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

17. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

18. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including, *inter alia*, computers, and telephones, which were used directly in furtherance of Defendants' commercial activity of operating a Benefits Administration company.

19. At all times material hereto, Plaintiff was "engaged in commerce" and was subject to individual coverage of the FLSA, by virtue of the fact that she made telephone calls to states other than Florida, and sent and received mail from outside of the state of Florida.

20. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

**STATEMENT OF FACTS**

21. Defendants operate a Benefits Administration Company.

22. Plaintiff worked for Defendants from approximately July 8, 2015 to February 15, 2019 as a book keeper/administrative assistant.

23. Plaintiff's duties included handling Defendants' office administration, and managing Defendants' accounts, including handling accounts receivable, and accounts payable.

24. Throughout the duration of her employment, Plaintiff was paid on an hourly basis.

25. In most, if not all work weeks, Plaintiff worked for Defendants in excess of forty (40) hours each week.

26. However, Defendants failed to compensate Plaintiff at a rate of one and one-half times her regular rate of pay for all of the hours that she worked in excess of forty (40) hours in a given work week.

27. Instead, Defendant compensated Plaintiff at her regular hourly rate—or straight time—for all of the hours that she worked each week, including the hours that she worked over forty (40) each week.

28. Specifically, Plaintiff recorded the hours that she worked each week on a time sheet.

29. Plaintiff's time sheet was submitted to Defendants' payroll administrator, Padgett Business Services, on a bi-weekly basis.

30. From the beginning of her employment through approximately July 2016, Plaintiff's paychecks stated the total number of hours that she worked for the bi-weekly pay period.

31. Despite of the fact that many of the hours that Plaintiff worked during the pay period were overtime hours, none of the hours were classified as such.

32. Instead, Plaintiff was only paid her regular hourly rate of pay for all of the hours that she worked each week.

33. In approximately July 2016, Padgett Business Services advised Defendants that they could not pay their hourly paid employees only straight time for the hours that they worked over forty(40) each week.

34. Thereafter, Defendants required Plaintiff to report only 80 hours of work to Padgett Business Services for the bi-weekly pay period, and to report the overtime hours that she worked each week in the form of a bonus.

35. By way of example, if Plaintiff worked 45 hours in both weeks of the pay period, and her hourly rate was $22.00 per hour, she was required to report to Padgett that she had worked 80 hours and was entitled to a $220.00 bonus (10 overtime hours x $22.00).

36. Plaintiff paychecks then demonstrated that she was compensated for 80 hours of work, plus a bonus.

37. The purported "bonus" on Plaintiff's paychecks was merely the hours that she worked over forty (40) each week paid at Plaintiff's regular rate of pay.

38. Plaintiff should have been, and should be, compensated at a rate of one and one-half times her regular rate of pay for those hours that she worked in excess of forty (40) hours per workweek, as required by the FLSA, but Defendants failed to so compensate Plaintiff.

39. Defendants have violated Title 29 U.S.C. §207 in that:

    a. Plaintiff worked in excess of forty (40) hours per week during her period of employment with Defendants;

    b. No payments, or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours that she worked in excess of forty (40) hours per work week as provided by the FLSA;

    c. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff and the class members were all "book keeper/administrative assistants" and performed the same or similar job duties as one another in that they handled Defendants' office administration and managed Defendants' accounts, including accounts receivable and accounts payable.

41. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were all classified as exempt from overtime and paid straight time for all hours worked.

42. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

43. Defendants' failure to properly compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that "book keeper/administrative assistants" are/were paid for overtime hours worked based on the Defendants' erroneous misclassification of its "book keeper/administrative assistant" employees as exempt from overtime.

44. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

>  **All "book keeper/administrative assistants" who worked for Defendants within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks.**

45. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and the class members.

46. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

47. During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

48. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

49. Defendants have failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

## COUNT I
### VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

50. Plaintiff realleges and reincorporates paragraphs 1 through 49 as if fully set forth herein.

51. Plaintiff worked in excess of forty (40) hours per week in most, if not all, work weeks while employed by Defendants.

52. Plaintiff was not properly compensated at the statutory rate of one and one-half times her regular rate of pay for the hours that she worked in excess of forty (40) hours each workweek.

53. Plaintiff is entitled to be paid at the statutory rate of one and one-half times her regular rate of pay for those hours worked in excess of forty (40) hours each work week.

54. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

55. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times her regular rate of pay for the hours that she worked in excess of forty (40) hours per work week when it knew, or should have known, such was, and is due.

56. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

57. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

   a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

   b. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

   c. An Order granting judgment in favor of Plaintiff and against Defendants and

awarding Plaintiff the full amount of damages and liquidated damages available by law;

d. Overtime compensation for all hours worked over forty (40) in a work week at the applicable time and one-half rate;

e. An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

f. Awarding Plaintiff pre-judgment and/or post-judgment interest;

g. Reasonable attorney's fees, costs and expenses of this action as provided by statute; and

h. Such other relief to which Plaintiff may be entitled, at law or in equity.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated:  May 20, 2019.

*/s/ Chanelle J. Ventura*
Chanelle J. Ventura
Florida Bar No. 1002876
Morgan & Morgan, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
T: (954) 318-0268
F: (954) 327-3039
Email: cventura@forthepeople.com
*Attorney for Plaintiff*